# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| TRACY LEONARD BROWN, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:20-cv-00227 |
| | ) | |
| v. | ) | **MEMORADNUM OPINION** |
| | ) | |
| NEW RIVER VALLEY REGIONAL | ) | By: Norman K. Moon |
| JAIL, | ) | Senior United States District Judge |
|     Defendant. | ) | |

Plaintiff Tracy Leonard Brown, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. He names a single defendant, New River Valley Regional Jail. His brief complaint states: "I was punished w/5 days in the hole for communicating with another inmate who is not on my enemy list or not a co-defendant of mine." (Dkt. No. 1 at 2.) Brown offers no other detail or factual allegations in support of his claim. For relief, he asks only that the court "make the jail allow [him] to write anyone not on [his] enemy list or co-defendant." (*Id.*)

Upon review of Brown's complaint, I conclude that it fails to state a claim and so is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it, for example, is frivolous or fails to state a claim on which relief may be granted). "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted

personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

The only defendant Brown names is the New River Valley Regional Jail. Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983, and Brown cannot maintain this action against the defendant jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[A jail] is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail."). Furthermore, even if he had properly named an appropriate defendant, Brown's allegation that he was placed in segregation for writing a letter to another inmate is too vague, conclusory, and unsupported by any specific facts to state a cognizable federal claim.[1]

For the foregoing reasons, I will summarily dismiss this action without prejudice under § 1915A(b)(1). Nothing in this opinion precludes Brown from refiling his claims in a new and separate civil action if he can correct the deficiencies described in this opinion, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e, and subject to the applicable statute of limitations.

An appropriate order will be entered.

**ENTER**: This 5th day of May, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] It is also questionable whether, even with additional detail, Brown's claim would entitle him to relief. *See Dunford v. New River Valley Reg'l Jail*, No. 7:09CV00523, 2010 WL 438246, at *2 (W.D. Va. Feb. 1, 2010) (summarily dismissing inmate's claim that she could not correspond with her incarcerated husband until she earned the privilege and noting that under *Turner v. Safley*, 482 U.S. 78, 89–91 (1987), the plaintiff is required to disprove the validity of a prison regulation, which is valid if it is rationally connected to a legitimate governmental interest); *see also Shaw v. Murphy*, 532 U.S. 223, 231–32 (2001) (upholding restriction on inmate-to-inmate correspondence under *Turner* where communication involved giving legal assistance or advice).